**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **MARIANGEL DE LA PAZ MARQUEZ-PORTILLO,** | § § § | |
| **Petitioner,** | § § § | |
| **VS.** | § § | **CIVIL ACTION NO. 4:26-cv-02072** |
| **KRISTI NOEM,** *et al.*, | § § | |
| **Respondents.** | § § | |

**ORDER**

Before the Court is Petitioner Mariangel de la Paz Marquez-Portillo's Petition for Habeas Corpus (ECF No. 1) and Respondents' Motion to Dismiss (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

**I.      BACKGROUND**

Respondents did not dispute the following facts. Petitioner is a citizen of Venezuela who entered the United States with her family in 2021, when she was a minor. ECF No. 1-2, Exh. 2 (NTA). Petitioner is now nineteen years old. After initial entry, she was issued a Notice to Appear (NTA) charging her with being "an alien present in the United States who has not been admitted or paroled" and therefore inadmissible under section 212(a)(6)(A)(i) of the Immigration and Nationality Act (8 U.S.C. § 1182(a)(6)(A)(i)), and he was taken into immigration custody. *Id.* Immigration authorities then released Petitioner on her own recognizance subject to certain conditions. ECF No. 1-3, Exh. 3.

1 / 3

Respondents make no allegation that Petitioner did not comply with all conditions of release. Nonetheless, Respondents re-detained Petitioner. ECF No. 1 at ¶ 13. She remains in custody. Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

## II.    ANALYSIS

Petitioner argues that her re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's re-detention violates her procedural due process rights, it declines to address her other claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

## III.    RELIEF

The Court therefore **ORDERS** as follows:

2 / 3

1.  Respondents are **ORDERED** to release Petitioner from custody <u>**within 48 hours**</u> pursuant to the terms of her prior release order as outlined in ECF No. 1-3, Exh. 3.

2.  Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel of the time and place of her release **no less than three hours** prior to her release from custody.

3.  Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to the community or has violated the conditions of her release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

4.  The Court further **ORDERS** that Respondents file an advisory with the Court <u>**on or before March 27, 2026**</u>, informing the Court of the status of Petitioner's release.

Signed at Houston, Texas on March 24, 2026.

Keith P. Ellison
United States District Judge